MAGALEI, MAIAVA, MALUFAU, MUASAU, MAEA, TUIAANA, SI'UFANUA, MOEA'I, FILO, MUA'AVA, TAUAUVE'A, TA'I, NUU'U, MAU'AVA and others, all and each of them represent their respective families in the Village of Faleniu, Tualauta County, Plaintiffs

v.

LUALEMANA and LEASIOLAGI of Asu, Leasina County, Defendants

No. 60-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tafeata", "Vaitai" and "Leaveave" near Faleniu]

January 16, 1962

Lolo, Counsel for Magalei et al.
Aumoeualogo, Counsel for Lualemana and Leasiolagi.

OPINION OF THE COURT

MORROW, *Chief Judge.*

The plaintiffs, who are chiefs of the Village of Faleniu, filed their petition praying for an order evicting the defendants from the lands Tafeata, Vaitai, and Leaveave (Aveave). Prior to the hearing the Court viewed these lands in the presence of the parties or their representatives.

The plaintiffs claim that the chiefs and young men of the Village of Faleniu cleared the land Tafeata from the virgin bush in 1922; that the chiefs divided up the land among themselves after it was cleared and put in and maintained plantations thereon up to the time of the war, when they gave actual possession to the Marines in order that the Marines might use the land for war purposes; that after the Marines left at the close of the war, the Faleniu people re-entered Tafeata, renewed old plantations, and put in some new plantations on it; also, that shortly after the war they permitted one Tago to put in some plantations and put up a house on a part of Tafeata. Tago left Tafeata some years ago as a result of a lawsuit by which the Faleniu people regained actual possession of the part occupied by him. At no time were the plaintiffs disturbed in their possession of Tafeata until the defendant Lualemana entered upon Tafeata in October 1960 and ousted Filo from the part of Tafeata occupied and used by him for plantation purposes.

Lualemana put up a house on such part and put in some plantations on it.

The Faleniu chiefs filed war damage claims on various parts of Tafeata. These claims were allowed by the War Damage Claims Commission and paid.

The defendants claim, according to the testimony of defendant Leasiolagi, that Tafeata was first cleared from the bush in 1946 under the authority of the Lualemana, whose title is attached to the Village of Asu; that Tago had a part in the clearing, first having been given permission by Lualemana to occupy Tafeata; also, that some Lualemana people living in Faleniu had a part in the clearing. Leasiolagi testified that the Lualemana did not file any war damage claim on Tafeata, there being no war damage on this land.

Since Lualemana was a party in the case *Filo of Faleniu v. Faoliu Lualemana*, No. 43-1961 (H.C. of Am. S.) and such case was an interrelated one involving the same land Tafeata and substantially the same issues with respect to it, we shall take judicial notice of the record in that case. See 31 Corpus Juris Secundum 625.

In that case (No. 43-1961), this same Lualemana testified that Tafeata was first cleared from the virgin bush by the Lualemana people in 1918 and that they put in plantations on it; also, that when the Faleniu chiefs were clearing the land about three years later, the then Lualemana sent them a letter protesting their clearing it. Of course, if the land was first cleared in 1918 by the Lualemana people, it could not be cleared from the bush again three years later by the Faleniu people, for there would be no big trees on it to cut in 1921. Big trees do not grow in three years. In that case, Lualemana claimed that Tafeata was land attached to his title because, according to his claim, it was in Leasina County and Lualemana was the high chief of Leasina County.

244

In this present case, the basis of Lualemana's claim to ownership (formerly grounded upon a clearing in 1918) has shifted to ownership grounded on a supposed clearing from the virgin bush in 1946. These stories of the Lualemana about clearing are inconsistent, and we believe from the evidence that they are not true. Also, Tafeata is not in Leasina County. An examination of the map of Tutuila shows it to be in Tualauta County.

It could be that some two or three people having Lualemana blood, living in Faleniu, and living in and married to Faleniu families, particularly the Malufau Family (Malufau is a Faleniu chief and one of the plaintiffs in this case), did participate to some slight extent in the clearing of Tafeata by the young men and chiefs of Faleniu in 1922; but when they did, they were doing it as people living with Faleniu chiefs and as married men to their families, not as Lualemana people from Asu. Under Samoan customs, a married man living in his wife's family is considered to be a member of such family.

The present Lualemana testified in the case between him and Filo, No. 43-1961, hereinbefore referred to, that he, using the name Tuiapolima, filed a war damage claim on Tafeata. Yet Leasiolagi testified that the Lualemana people did not file a war damage claim on the land involved because there was no damage to it. The fact is that Lualemana using the name Tuiapolima did not file a war damage claim on Tafeata as he claimed.

We believe from the evidence that Tafeata was cleared from the bush in 1922 by the chiefs and young men of Faleniu, that they occupied and used it continuously from 1922 up to October 1960 (excepting during war-time when it was occupied by the Marines with the permission of and under the authority of the Faleniu chiefs; and, also, excepting with respect to a part of Tafeata occupied by Tago for sometime after the war with the permission of and un-

der the authority of the Faleniu chiefs) when defendant Lualemana ousted Filo. We are satisfied from the evidence that Tafeata is the property of the Faleniu chiefs, they having cleared it from the virgin bush in 1922, occupied it, and claimed it as their own, as the greater weight of the evidence shows.

The Samoan people acquired title to their land through first occupancy coupled with a claim of ownership, as this Court has held many times. *Soliai v. Lagafua*, No. 5-1949 (H.C. of Am. S.), *Faataliga v. Fano*, No. 80-1948 (H.C. of Am. S.), *Gi v. Te'o*, No. 35-1961 (H.C. of Am. S.). This doctrine of the acquisition of title by first occupancy coupled with a claim of ownership is approved in Maine's Ancient Law (3rd Am. Ed.) 238. See 2 Blackstone 8.

If the Lualemana ever had any claim to or interest in Tafeata (and we do not believe that he did), such claim or interest was extinguished by adverse possession by the Faleniu people for 20 years beginning in 1922. The possession of Tafeata by the Marines may be tacked to the possession of the Faleniu chiefs beginning in 1922, the occupancy by the Marines being under their authority. See *Tago v. Moananu and Felila*, No. 12-1955 (H.C. of Am. S.); also 2 Corpus Juris Secundum 686 and 689.

Section 907(2) of the A. S. Code provides that the "statutory period governing the acquisition of title by adverse possession" shall be 20 years. The effect of the running of the statutory period is to vest title in the adverse possessor. 2 Corpus Juris Secundum 803. This rule was approved by the Supreme Court of the United States in *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586 at p. 607. And we have applied the same rule in numerous cases in American Samoa, among them *Puailoa v. Leapaga*, No. 64-1948 (H.C. of Am. S.); *Faamao v. Tiumalu, et al.*, No. 45-1961 (H.C. of Am. S.).

With reference to Vaitai and Leaveave, the testimony for the Faleniu chiefs is to the effect that these two lands were cleared from the virgin bush by the Faleniu people in 1928; that they were divided up among the chiefs after the clearing; that the Faleniu people then put in plantations and continued to use the lands as their own, and claim them as their own communal properties; that during the war the Faleniu chiefs permitted the Marines to occupy these lands for war purposes just as they did the land Tafeata; that after the Marines left at the close of the war, the Faleniu chiefs occupied the two lands and put in new plantations and put the old plantations on them in good shape; that a part of Vaitai was turned over to the Government by the Faleniu chiefs for use as a prison farm in 1946; that in 1960 defendant Lualemana interplanted some plantations on Vaitai and in 1961 defendant Leasiolagi put in some plantations on Leaveave. The Faleniu chiefs filed war damage claims on Vaitai and Leaveave. The Lualemana people did not.

The defendants claim that Vaitai and Leaveave were cleared from the virgin bush in 1946, Leaveave being cleared at that time by some people from the L.D.S. School in Mapusaga and some members of the Lualemana clan from Faleniu, particularly Sagapolu and Savea. Sagapolu and Savea are Faleniu chiefs, their titles being attached to the Village of Faleniu. The defendants claim that Vaitai was cleared by prisoners in 1946. If so, the prisoners did not clear it for Lualemana; they cleared it for the Government which put the prisoners to work. The prisoners were servants of the Government, not Lualemana.

Witness Unutoa testified that there was an old fale foundation found on Vaitai when the prison farm was established in 1946; that according to a story he had heard, a Lualemana and a Liufau used the fale as a rest fale a long time before the Government was established 61 years ago.

247

He had no personal knowledge as to the truth of the story, it being just a hearsay story originating many years before 1900.

At any rate, if there is any truth in the story (and it may be just a fairy tale, as many such stories are), Lualemana abandoned Vaitai long before the establishment of the Government. No one knows whether the story is actually true or not. It may be just a myth.

At any rate, if the lands Vaitai and Leaveave were first cleared from the virgin bush in 1946, Lualemana did not get around to putting in any plantations on Vaitai until 14 years later, in 1960; and during all of such 14 years, the Faleniu chiefs had plantations on Vaitai, the Government having plantations on part of it, with the permission of the Faleniu chiefs, for the use of the prisoners.

If Leaveave was first cleared in 1946, as Leasiolagi claims, he did not get around to putting any plantations in on it until 14 years later. That is a long time to wait to put in a plantation. When the Court viewed Leaveave (and also Tafeata and Vaitai) just prior to the hearing, the judges saw plantations of the Faleniu chiefs on Leaveave that had obviously been there for a good many years. They saw a coconut plantation of Maea (a plaintiff and a Faleniu chief) on Leaveave that obviously had been producing coconuts for a number of years.

The defendants claim that Vaitai and Leaveave are in Leasina County, and that Lualemana is the high chief of that county and that these lands are attached to Fagafue. Fagafue is an old village by the sea between Asu and Fagasa. The plaintiffs claim that these two lands as well as Tafeata are attached to the Village of Faleniu and that they, together with Tafeata, are in Tualauta County. We believe from the evidence that Vaitai and Leaveave are in Tualauta County, as is Tafeata, and that they are attached to Faleniu.

We believe that the weight of evidence is that Vaitai and Leaveave were first cleared from the bush by the chiefs and young men of Faleniu in 1928; that after the clearing the lands were divided among the Faleniu chiefs and that thereupon the Faleniu people put in plantations on these lands and claimed them as their own communal properties; that the Faleniu people had plantations on these lands and possession of them until they authorized the Marines to take possession for war purposes; that the Marines had possession during the war by such authority, and that the Faleniu chiefs resumed possession when the Marines left around the end of the war; that the Faleniu people then renewed their old plantations and put in some new ones. We regard the possession of these two lands by the Marines such that it may be tacked to the possession of the Faleniu chiefs which began in 1928. *Tago v. Moananu and Felila*, supra, and 2 C.J.S. 686 and 689.

The weight of evidence convinces us also that the Faleniu chiefs authorized the Government to take possession of a part of Vaitai for a prison farm about 1946, and that such part is still being used by the Government for a prison farm.

We think that the Faleniu chiefs not only had possession of all of Vaitai from 1928 to 1946 (as above indicated, we regard the possession of the Marines during the war as the possession of the Faleniu chiefs as far as adverse possession is concerned, since the Marines were in possession under the authority of the chiefs) but also have had possession of all of it since 1946, excepting the part used as a prison farm beginning in 1946 and the part occupied by Lualemana beginning in October 1960. The possession of the prison farm by the Government may be tacked to the Faleniu chiefs' possession of it beginning in 1928, since the Government is in possession by authority of the Faleniu chiefs. See *Tago v. Moananu and Felila*, supra, and 2 C.J.S. 686 and 689.

Of course, Lualemana's possession of the part occupied by him beginning in October 1960 cannot be regarded as the possession of the Faleniu chiefs, since they did not authorize such possession.

If the Lualemana ever did have any title to or right in Vaitai (which we do not think he did), it was extinguished in 1948, which was 20 years after the Faleniu chiefs cleared Vaitai from the bush and claimed it as their communal property, since it is clear to us that their possession for 20 years was under circumstances making it adverse to any interest of Lualemana in Vaitai. See 2 Corpus Juris Secundum 803, cited supra in connection with Tafeata.

We are convinced that the weight of the evidence is to the effect that the Faleniu chiefs had possession of all of Leaveave not only from 1928 to the time the Marines took possession of it during the war under the authority of the Faleniu chiefs but also all of it since the war, with the exception of a small part of which Leasiolagi first took possession in 1961 for the purpose of putting in a plantation. As before indicated, we regard the possession of Leaveave by the Marines during the war as the possession of the Faleniu chiefs as far as adverse possession is concerned, since the Marines took possession by authority of the Faleniu chiefs.

Just as in the case of Vaitai, if the Lualemana ever did have any interest or right in Leaveave (and we do not think he did), such interest or right was extinguished in 1948 by the adverse possession of the Faleniu chiefs, beginning in 1928 and continuing for 20 years. See 2 Corpus Juris Secundum 803, supra, cited in connection with both Tafeata and Vaitai.

The discussion and statements of the law in the prior part of this opinion with regard to adverse possession in connection with the land Tafeata are applicable to the lands Vaitai and Leaveave. And the statements of the law

to the effect that Samoans acquired titles to their lands by first occupancy coupled with a claim of ownership, also made in connection with Tafeata, are likewise applicable to the lands Vaitai and Leaveave.

It is our conclusion from the evidence that the chiefs of Faleniu are the owners of Tafeata, Vaitai, and Leaveave, and that they are entitled to an order evicting defendants from these lands.

### JUDGMENT

Accordingly, it is ORDERED AND ADJUDGED that defendants Lualemana and Leasiolagi shall vacate any parts of the lands Tafeata, Vaitai, and Leaveave occupied by them, or either of them, within 20 days from the date of this order; also, they shall leave any plantations put in by them or either of them on these lands in an unharmed condition.

Costs in the sum of $30.00 are hereby assessed against defendants Lualemana and Leasiolagi, each of them to pay $15.00 within 30 days.

---

### MANDATORY INJUNCTION

TO:  FAOLIU LUALEMANA of Asu
and
LEASIOLAGI of Nu'uuli

You and each of you are hereby ORDERED to vacate any of the parts of the lands Tafeata, Vaitai, and Leaveave occupied by you or either of you by Feb. 5, 1962, and, furthermore, you and each of you are hereby DIRECTED to leave any plantations you or either of you may have on any such parts of the lands Tafeata, Vaitai and Leaveave in an unharmed condition.

/s/ ARTHUR A. MORROW, *Chief Judge*
/s/ TAUALA, *Associate Judge*